Chicago Real Estate Board, Appellee, v. James Mullenbach et al., on appeal of James Mullenbach, Appellant.

Gen. No. 17,919. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Rehearing allowed October 27, 1913. Opinion on rehearing filed December 31, 1913.

### Statement of the Case.

Bill of interpleader filed by Chicago Real Estate Board, a corporation, against James Mullenbach and Louisa S. French, to require defendants to interplead and adjust their claims to one thousand two hundred dollars held by complainant and deposited with complainant by James Mullenbach as earnest money in purchasing certain real estate of Louisa S. French at an auction sale held at the board rooms of complainant. From a decree requiring complainant to pay said amount, less costs of court, to Louisa S. French, James Mullenbach appeals.

ENOCH J. PRICE and EVERETT M. SWAIN, for appellant.

HAMLIN & TOPLIFF, HAMLIN & BOYDEN and LOUIS M. GREELEY, for appellee Louisa S. French.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 124*—*when tender of title guaranty policy subject to questions of survey sufficient.* The fact that a title guaranty policy tendered to a purchaser was made subject to questions of survey is wholly immaterial where the premises as described in the contract have an actual existence in fact within the boundary lines as designated in the original survey and plat.

2. VENDOR AND PURCHASER, § 298*—*right of vendor to earnest money in equity.* The rule that a court of equity will not enforce a penalty or forfeiture does not preclude a vendor, upon the default of the vendee, from recovering earnest money which has been paid to apply upon the purchase when consummated. In this respect there is no distinction between contracts involving sales at public auction and private sale contracts.

3. VENDOR AND PURCHASER, § 39*—*right of purchaser at auction sale to rescind contract for misrepresentations in printed circular advertising sale.* Where a person purchased city lots at a public auction held by a real estate board and a circular advertising the sale represented that the property bordered on Lake Michigan and that there was no privately owned property between it and the lake, *held,* that to entitle the purchaser to rescind the contract of sale and recover back the earnest money on the ground that such representation was false, he was required to prove that he relied on such representation and that the same was false, and *held* that where it was uncontroverted that for a period of twenty years the strip of land between the property and the lake had been submerged that the burden was upon the purchaser to show that it had been submerged by a sudden avulsion.

4. RIPARIAN OWNERS, § 29*—*when title to land bordering on lake not lost by submergence.* Title to land becoming submerged by the waters of Lake Michigan is lost where the submergence was gradual and imperceptible, but the title remains in the owner where such submergence was sudden and perceptible in its operation, and the owner may regain the same either by natural or artificial means.

5. APPEAL AND ERROR, § 367*—*when questions not preserved for review.* Questions not raised in defendants' answer nor appearing to have been presented to the chancellor upon the hearing are not preserved for review.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.